IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

KENNETH MILLER AND
SHRONDA MILLER,

**PLAINTIFFS,**

vs.  CIVIL ACTION NO. 2:19-cv-1556
 JUDGE_____

SOUTHERN FIDELITY
INSURANCE COMPANY,

**DEFENDANT.**

### PLAINTIFFS' ORIGINAL COMPLAINT
### JURY TRIAL DEMANDED

**COME NOW, KENNETH MILLER AND SHRONDA MILLER** (hereinafter, referred to as Plaintiffs), and file this, their **Original Complaint**, and for causes of action against SOUTHERN FIDELITY INSURANCE COMPANY (hereinafter, referred to as "Defendant"), would show unto the Court and the jury the following:

### PARTIES AND SERVICE OF PROCESS

1. Plaintiffs **KENNETH MILLER AND SHRONDA MILLER** own the property located at 212 Coffee Street, DeQuincy, Louisiana 70633 that is the subject of this lawsuit and is situated in Calcasieu Parish, Louisiana.

2. Defendant, SOUTHERN FIDELITY INSURANCE COMPANY is a foreign insurance company licensed to transact insurance in the State of Louisiana with its principal place of business located in Tallahassee, Florida. Defendant may be served with personal service by a process server, by serving its Agent for Service, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## STATUTORY AUTHORITY

3.  This suit also brought in part, under the Louisiana Revised Statutes, Sections 22:1892 and 22:1973.

## JURISDICTION

4.  This Honorable Court maintains subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, based on complete diversity of citizenship between the parties. The amount in controversy exceeds the minimum jurisdictional limits.

## VENUE

5.  This Honorable Court maintains venue under 28 U.S.C. § 1391(b)(2), being the judicial district of the location of the property that is the subject of this action.

## FACTS

6.  This lawsuit arises out of the following transactions, acts, omissions, and/or events.  On or about December 20, 2017, Plaintiffs' property sustained damages as a result of tornado that struck the area.

7.  Plaintiffs submitted a claim to Defendant, SOUTHERN FIDELITY, pursuant to the contract of insurance, for damages to the property as a result of the tornado and asked Defendant, SOUTHERN FIDELITY to honor its contractual obligations and cover the cost of repairs to the property.

8.  Defendant, SOUTHERN FIDELITY, accepted the Plaintiffs' claim and assigned a claim number of 170100022401.

9.  Defendant, SOUTHERN FIDELITY appointed independent adjusting firm, MD Claims Group, to investigate and evaluate the claim. On or about December 21, 2017, Kevin Wilder inspected Plaintiffs' damaged property.

10. Plaintiff then hired Stevephen Lott of Integrity Claims Services, LLC to inspect the property for damages from the tornado, properly investigate and evaluate the claim and communicate with Defendant and its representatives regarding the claim.

11. Even though the property had sustained extensive damages from the storm, Mr. Wilder ignored tornado created damages to Plaintiffs' property. Wilder completed a result oriented, unreasonable inspection, failed to document all the covered wind damages to the property, ignored facts supporting coverage and improperly denied Plaintiffs' damages.

12. Plaintiffs did not agree with Mr. Wilder's assessment of the damages to the property.

13. Stevephen Lott determined that Plaintiffs' property damages were grossly undervalued by Mr. Wilder and Defendant SOUTHERN FIDELITY. Stevephen Lott of Integrity Claims Services, LLC inspected the property and determined that there was wind damage to the property that in the amount of $224,190.85.

14. Defendant, SOUTHERN FIDELITY relied upon Mr. Wilder's inaccurate and unreasonable reports to deny the Plaintiffs' damages.

15. To date Plaintiffs have yet to receive full payment on its tornado claim.

16. Defendant, SOUTHERN FIDELITY ignored the information provided by the Plaintiffs and their public adjuster. Instead, Defendant, SOUTHERN FIDELITY chose simply to only rely on the portions of its adjuster's, consultant's, and vendors' reports which supported the results-oriented investigation and coverage decisions supporting denial of Plaintiffs' claim.

17. Defendant, SOUTHERN FIDELITY failed to perform its contractual obligation to compensate Plaintiffs under the terms of the Policy.

## CAUSES OF ACTION AGAINST DEFENDANT, CHURCH MUTUAL - COUNT I - BREACH OF CONTRACT

18. Each of the foregoing paragraphs is incorporated by reference in the following.

19. Plaintiffs and Defendant SOUTHERN FIDELITY executed a valid and enforceable written insurance contract providing insurance coverage to the insured location at 212 Coffee Street, DeQuincy, Louisiana 70633.  The policy provides coverage for the peril of wind such as those sustained during the tornado, among other perils.

20. All damages and loss to the Plaintiffs' property were caused by the direct result of a peril for which Defendant SOUTHERN FIDELITY insured the Plaintiffs, pursuant to the policy herein, specifically, the peril of wind.

21. Defendant, SOUTHERN FIDELITY sold the subject insurance policy to Plaintiffs insuring the subject insured property in its "as is" condition.

22. Plaintiffs suffered a significant loss with respect to the property at issue and additional expenses as a result of the high winds that occurred during the tornado.

23. Plaintiffs submitted a claim to Defendant, SOUTHERN FIDELITY pursuant to the contract of insurance for damages as a result of high winds that occurred during the tornado.

24. Plaintiffs provided Defendant, SOUTHERN FIDELITY, with proper notice of damage to the exterior and interior of the subject insured property.

25. Defendant, SOUTHERN FIDELITY ignored the information provided by the public adjuster and other information provided by Plaintiffs that supported coverage of Plaintiffs' damage and chose to rely solely on its own consultants.

26. Defendant, SOUTHERN FIDELITY by and through its adjusters and representatives have failed to properly evaluate the damages resulting from the covered cause of loss.

27. Defendant, SOUTHERN FIDELITY by and through its adjusters and representatives failed to retain the appropriate experts and/or consultants to evaluate the tornado damages to the subject property.

28. As of this date Defendant, SOUTHERN FIDELITY by and through its adjusters and representatives have failed to fully pay for the tornado damages to Plaintiffs' property.

29. Plaintiffs have attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the insurance policy.

30. Defendant, SOUTHERN FIDELITY, acting through its agents, servants, representatives and employees has failed to properly investigate, evaluate and adjust Plaintiffs' claim for benefits in good faith and has further failed to deal fairly with Plaintiffs.

31. Defendant, SOUTHERN FIDELITY has failed and refused to evaluate the information and surrounding facts regarding Plaintiffs' covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

32. As of this date Defendant, SOUTHERN FIDELITY continues to be in breach of the contract.

33. Defendant, SOUTHERN FIDELITY ignored the information provided by Plaintiffs and their public adjuster during the handling of the claim and failed to make sufficient payment to indemnify Plaintiffs for the full amount of the covered damages.

34. The mishandling of Plaintiffs' claim caused a delay in Plaintiffs' ability to fully repair the Property, resulting in additional damages.

### **COUNT II - La. R.S. Sections 22:1892 and 22:1973**

35. Each of the foregoing paragraphs is incorporated by reference here fully.

36. Defendant SOUTHERN FIDELITY's choice to deny and withhold insurance claim payment for Plaintiffs' insured losses remains arbitrary, capricious and/or without probable cause.

37. Defendant SOUTHERN FIDELITY's choice to deny and withhold prompt and full insurance claim payment for Plaintiffs' insured losses remains arbitrary, capricious and/or without probable cause.

38. Defendant SOUTHERN FIDELITY's choice not to conduct a full, fair and prompt investigation and adjustment regarding Plaintiffs' covered losses remains arbitrary, capricious and/or without probable cause.

39. Defendant SOUTHERN FIDELITY's choices make Plaintiffs entitled to recover the penalties and damages as described in La. R.S. 22:1892 and La. R.S. 1973, in addition to reasonable attorney fees.

## **DAMAGES AND PRAYER**

40. **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs herein, complain of Defendant SOUTHERN FIDELITY's acts and omissions and pray that, Defendant be cited to appear and answer and that upon a final trial on the merits, Plaintiffs recover from Defendant the following:

41. The Court enter judgment for Plaintiffs and against Defendant SOUTHERN FIDELITY;

42. The Court enter judgment Defendant SOUTHERN FIDELITY reimburses Plaintiff for any emergency and temporary repair expenses;

43. The Court enter judgment Defendant SOUTHERN FIDELITY pay Plaintiffs for consequential damages resulting from Defendant SOUTHERN FIDELITY's choice to breach the insurance policy contract.

44. The Court enter judgment Defendant SOUTHERN FIDELITY pay Plaintiffs the applicable penalty under La. R.S. 22:1892 and La. R.S. 1973, along with all attorney fees and litigation expenses.

45. Additional and further relief this Court deems just and equitable.

## **JURY DEMAND**

46. Plaintiffs respectfully demand a **trial by jury**.

Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**

BY: /s/ *Rajan Pandit*
**RAJAN PANDIT**, Bar No. 32215
**JESSIE B. CALLAHAN**, Bar No. 38153
**701 Poydras Street, Suite 3950**
**New Orleans, LA 70139**
**Telephone:	(504) 313-3800**
**Facsimile:	(504) 313-3820**

**ATTORNEYS FOR PLAINTIFFS**
**KENNETH MILLER AND**
**SHRONDA MILLER**